```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION

LAWRENCE EDWARD KING,            *

        Plaintiff,               *

vs.                              *
                                     CASE NO. 4:13-CV-398 (CDL)
ANDREWS & COMPANY,               *

        Defendant.               *
_____
```

## O R D E R

Plaintiff Lawrence King worked for Defendant Andrews & Company as a cleaner at Fort Benning's commissary and food court.  King contends that Andrews & Company transferred him and then fired him because of his race and age, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.  Andrews & Company filed a summary judgment motion, asserting that it terminated King for poor performance.  As discussed in more detail below, King did not point to any evidence to create a genuine fact dispute on his claims, and the Court finds that Andrews & Company's summary judgment motion (ECF No. 29) should be granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

Under the Court's local rules, a party moving for summary judgment must attach to its motion "a separate and concise statement of the material facts to which the movant contends there is no genuine dispute to be tried."  M.D. Ga. R. 56.  Those facts must be supported by the record.  The respondent to a summary judgment motion must respond "to each of the movant's numbered material facts."  *Id.*  "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate."  *Id.*

Andrews & Company submitted a statement of undisputed material facts. King did not respond to that statement of undisputed material facts. Therefore, Andrews & Company's statement of material facts is deemed admitted pursuant to Local Rule 56. The Court must still review Andrews & Company's citations to the record to determine whether a genuine fact dispute exists. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009).

King did submit a response brief and five "declarations" in opposition to the summary judgment motion. The response brief contains King's version of the facts, but the document is unsworn and contains no citations to the record. The declarations, which generally state that King was a good employee, are not sworn or notarized and do not state that they are based on personal knowledge or that they were made under penalty of perjury. For these reasons, the Court cannot consider the declarations or the factual allegations in King's response brief. *See* 28 U.S.C. § 1746 (requiring that an unsworn declaration be made under penalty of perjury to have the same force and effect as a sworn affidavit).

FACTUAL BACKGROUND

The materials submitted by Andrews & Company in support of its summary judgment motion, which are undisputed for purposes of this motion, establish the following. Andrews & Company has

a janitorial services contract at Fort Benning, Georgia.   Meo
Decl. ¶ 4, ECF No. 33-1.   King, a 43-year-old black man, worked
for Andrews & Company as a cleaner at Fort Benning from
September 1, 2011 until May 1, 2012.   *Id.*   Jerry Gibbons was his
direct supervisor, and Angelia Baldwin was the assistant
supervisor.   *Id.* ¶ 5.   Both Gibbons and Baldwin are black and
are older than King.   *Id.* ¶ 7.

When King began working for Andrews & Company, he worked in
the food court area, and his responsibilities included emptying
the trash and cleaning the restrooms.   *Id.* ¶ 12.   Shortly after
he began working for Andrews & Company, Gibbons gave King a
written warning for failing to empty the trash and refusing to
clean a restroom.   Meo Decl. Attach. 4 at 3, Performance
Correction Notice (Sept. 27, 2011), ECF No. 33-4 at 3.
According to Gibbons, King "would often stand around talking to
people instead of working and getting his job done," and Gibbons
repeatedly spoke with King about his performance issues.
Gibbons Decl. ¶ 6, ECF No. 31-1.   Gibbons also repeatedly
counseled King about his inappropriate work attire, which
included "saggy pants," "big necklaces that were distracting and
did not look neat or appropriate for cleaning," and "a belt
buckle shaped like a handgun."   *Id.* ¶ 8.

In March of 2012, Andrews & Company received a complaint
from Kathleen Wagner, the customer contact for the Fort Benning

4

janitorial services contract. Meo Decl. ¶ 13. Wagner complained that King dressed inappropriately on several occasions and that he did not correct concerns pointed out by the food court's managers.[1] Meo Decl. Attach. 4 at 6, Email from Matthew Andrews to Kathleen Wagner (Mar. 16, 2012), ECF No. 33-4 at 6. Later that month, Gibbons gave King a written warning for using his cell phone at work in violation of company policies. Meo Decl. Attach. 4 at 4, Performance Correction Notice (Mar. 25, 2012), ECF No. 33-4 at 4.

In mid-April of 2012, Gibbons decided to move King to a different area. King was reassigned to the porter area, where his job duties included bringing shopping carts in from outside and cleaning restrooms. Gibbons Decl. ¶ 13. King's pay and title did not change. Meo Decl. ¶ 4. Gibbons reassigned an employee named Ryan to clean the food court area. Gibbons Decl. ¶ 15. Ryan, a white male, is younger than King. *Id.* King continued to have performance issues in his new area. *Id.* ¶ 14.

In late April of 2012, Wagner complained to Baldwin that King was disturbing her food court employees. Meo Decl. Attach. 4 at 5, Performance Correction Notice (May 1, 2012), ECF No. 33-

---

[1] King contends that the nightly inspection reports demonstrate that he did a satisfactory job. Andrews & Company did not produce the reports during discovery, apparently because King exceeded the document request limit and also because the reports were completed and controlled by the customer, not by Andrews & Company. Baldwin Decl. ¶ 9, ECF No. 32-1. According to Baldwin, the night supervisors signed off on the inspection reports, but Wagner re-inspected the area each morning and pointed out problems to Baldwin and Gibbons. *Id.*

4 at 5.   And Baldwin observed that King did not clean his duty station and that the restrooms for which he was responsible were not properly cleaned or restocked.   *Id.*   Baldwin issued King a write-up.   *Id.*   At that point, Gibbons decided to terminate King.   *Id.*   Gibbons terminated King on May 1, 2012.   Meo Decl. ¶ 4.   After King was terminated, "Andrews & Company hired two new black employees to work on the Fort Benning janitorial services contract."   *Id.* ¶ 19.

DISCUSSION

King claims that Andrews & Company subjected him to two adverse employment actions because of his race and age.   First, Andrews & Company transferred King from the food court to the porter area.   Second, Andrews & Company terminated King's employment.   King did not point to any direct evidence in support of his claims.   Therefore, the Court analyzes his claims under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010).   Under that framework, King must establish a prima facie case of discrimination.   *Id.*   To establish a prima facie case of discrimination under Title VII and the ADEA, King must show that he was a member of a protected class who was qualified for his position and was subjected to an adverse employment action while

6

similarly situated employees outside his protected class were not. *Shepard v. United Parcel Serv.*, 470 F. App'x 726, 731 (11th Cir. 2012) (per curiam). If King establishes a prima facie case, then Andrews & Company may articulate a legitimate non-discriminatory reason for its actions. *Alvarez*, 610 F.3d at 1264. If Andrews & Company articulates a legitimate non-discriminatory reason, then King must produce evidence that Andrews & Company's proffered reason is pretext for discrimination. *Id.* The Court addresses each of King's claims in turn.

## I.   King's Transfer to the Porter Area

King contends that his transfer to the porter area was an adverse employment action that gives rise to a claim for discrimination. "An adverse employment action is a 'significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits.'" *Shepard*, 470 F. App'x at 731 (quoting *Webb-Edwards v. Orange Cnty. Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008)). "An involuntary transfer to a different position may be an adverse employment action if it 'involves a reduction in pay, prestige, or responsibility.'" *Id.* (quoting *Hinson v. Clinch Cnty., Ga. Bd. of Educ.*, 231 F.3d 821, 829 (11th Cir. 2000)). "It is not enough that a transfer imposes some *de minimis*

inconvenience or alteration of responsibilities, however, because all transfers generally require an employee to engage in some learning, work with new people, and accept new responsibilities." *Id.*

King does not appear to dispute that his transfer from the food court area to the porter area did not involve a change in pay or title. Rather, it simply involved a change in some of his cleaning duties. There is no evidence that the transfer was a serious and material change in the terms, conditions, or privileges of King's employment. Thus, King did not suffer an adverse employment action, and his claims based on the transfer fail.

## II. King's Termination

King contends that he was terminated because of his race and age. There is no dispute that King was a member of a protected class and that his termination was an adverse employment action. The Court assumes for purposes of the present motion that King was qualified for his position. To satisfy the last element of the prima facie case, King must show that he was replaced by someone outside his protected class or treated less favorably than a similarly situated employee outside his protected class. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008); *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1226 n.2 (11th Cir. 1993). The present record reveals that

Andrews & Company hired two new cleaners shortly after King was fired, and both new employees were black.   Therefore, King cannot establish a prima facie case for race discrimination.   It is not clear, however, how old those new employees were, and the Court will assume for purposes of this motion that King established a prima facie case of age discrimination with regard to his termination.

Andrews & Company articulated a non-discriminatory reason for terminating King.   It pointed to evidence that Gibbons decided to fire King based on King's significant performance problems, which included failure to complete his work, distracting other employees, improper attire, and inappropriate cell phone use.   Andrews & Company also pointed to evidence that it received several complaints from its customer about King's performance.   To survive summary judgment, King was required to point to evidence that creates a genuine factual dispute as to whether Andrews & Company's stated reasons for King's termination were a pretext for discrimination.   King did not point to any evidence to refute these legitimate, non-discriminatory reasons for his termination.

King's major argument appears to be that Andrews & Company transferred him and then fired him because Wagner, the customer representative, did not like him.   Even if that is true, King pointed to no evidence that Wagner did not like him *because of*

*his race or age.*   And even if he had, the record reveals that Gibbons and Baldwin independently observed King's performance problems.   King did not identify any employee outside his protected class who had similar performance problems but remained employed by Andrews & Company.   For these reasons, the Court concludes that King failed to establish that Andrews & Company's proffered reasons for his termination are pretext for discrimination.   King's discriminatory termination claim fails.

CONCLUSION

For the reasons set forth above, the Court grants Andrews & Company's summary judgment motion (ECF No. 29).   Andrews & Company's Motion to Strike (ECF No. 37) is denied as moot.


IT IS SO ORDERED, this 11th day of February, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA