IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LAWRENCE EDWARD KING, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:13-CV-398 (CDL) |
| ANDREWS & COMPANY, | * | |
| Defendant. | * | |

O R D E R

Plaintiff Lawrence King brought discrimination claims against his former employer Defendant Andrews & Company under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. The Court granted Andrews & Company's motion for summary judgment, concluding that King had not established that he suffered an adverse employment action when he was transferred to a different duty station and had not presented any evidence to rebut Andrews & Company's legitimate nondiscriminatory reason for firing him. Order (Feb. 11, 2015), ECF No. 38. Andrews & Company now seeks $13,940.00 in attorney's fees from King, who has a fourth grade education and is pro se and indigent. *See* Mot. for Leave to Proceed In Forma Pauperis, ECF No. 2 (stating that King has no income and four years of education).

Under limited circumstances, the Court may allow a prevailing defendant to recover a reasonable attorney's fee in a Title VII or ADEA case.  In ADEA cases, such an award is only available if the Court finds "that the plaintiff litigated in bad faith."  *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998).   In Title VII cases, a prevailing defendant may recover attorney's fees "only when the 'plaintiff's action was frivolous, unreasonable, or without foundation.'"  *Richardson v. Bay Dist. Sch.*, 560 F. App'x 928, 929 (11th Cir. 2014) (per curiam) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).  This means that "'the plaintiff's action must be meritless in the sense that it is groundless or without foundation.'" *Id.*  (quoting *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991).  "It is not enough for the prevailing defendant to show that the plaintiff's claim was 'markedly weak,' or even 'exceedingly weak.'" *Id.* at 930 (internal citations omitted).  "Instead, the plaintiff's case must be so patently devoid of merit as to be frivolous"— which means that it is "devoid of arguable legal merit or factual support."  *Id.*  (internal quotation marks omitted).

Andrews & Company does not argue that King litigated this action in bad faith.  Rather, Andrews & Company contends that King's claims were frivolous.  The Court disagrees.  It is true that King's claims were weak, but the Court does not find that

2

they were "devoid of arguable legal merit or factual support." *Id.* (internal quotation marks omitted). While the Court ultimately concluded that King did not point to any evidence in support of his claims, his failure to do so appeared to be based in large part on the fact that he is uneducated and unrepresented. Had King submitted an affidavit that contained the facts set forth in his response brief, he arguably would have established a prima facie case of discrimination on both of his claims. Under these circumstances, the Court declines to find that King's claims were frivolous, and Andrews & Company's Motion for Attorney's Fees (ECF No. 41) is denied.[1]

IT IS SO ORDERED, this 3rd day of March, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Even if attorney's fees were warranted here, the Court would have to consider King's ability to pay. *Nesmith v. Martin Marietta Aerospace*, 833 F.2d 1489, 1491 (11th Cir. 1987) (per curiam). King made $10 per hour at his job with Andrews & Company. And, according to his Motion for Leave to Proceed In Forma Pauperis, King had no income when he filed his Complaint and could not afford to pay the Court's $400 filing fee. He certainly does not have the ability to pay nearly $14,000 in attorney's fees.